UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| 147 FIRST REALTY LLC,<br><br>Plaintiff,<br><br>v.<br><br>ASPEN AMERICAN INSURANCE COMPANY,<br><br>Defendant. | Case No. _____<br><br>APRIL 20, 2022 |

## NOTICE OF REMOVAL

Defendant Aspen American Insurance Company ("Aspen") respectfully notifies this Court of the removal of the above-captioned action filed by Plaintiff 147 First Realty LLC ("First Realty") from the Superior Court of Connecticut, Judicial District of Hartford to the United States District Court for the District of Connecticut. The removal of this action is made pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and is appropriate on the basis of diversity. In support, Aspen states as follows:

### INTRODUCTION

1. On or about April 5, 2022, First Realty filed a summons and complaint in an action titled *147 First Realty LLC v. Aspen American Insurance Company*, Docket No. HHD-CV22-6153977-S, in the Superior Court of Connecticut, Judicial District of Hartford ("Summons" and "Complaint"). A copy of the Summons and Complaint, along with all other filings in the state court action, is attached as Exhibit A.

2. On March 21, 2022, Aspen was served with a copy of the Summons and

1

Complaint.

3. This Notice of Removal is being filed within thirty days of Aspen's receipt of service of the Summons and Complaint, as required by 28 U.S.C. § 1446(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 112(b) because it is the district embracing the place where such action is pending in accordance with 28 U.S.C. § 1441(a).

5. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because this is an action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

6. Federal jurisdiction exercised pursuant to diversity of citizenship requires that each plaintiff be diverse from every defendant. *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005).

7. Where removal is based on diversity of citizenship, the parties must be diverse at the time of removal and at the time the state court complaint was filed. *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

8. A corporation is deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

9. Aspen is a corporation formed under the laws of Texas and maintains its principal place of business in New Jersey. Therefore, Aspen is a citizen of Texas and New Jersey.

10. The citizenship of a limited liability company is determined by the citizenship of each of its members. *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt.*, 692 F.3d 42, 49 (2d Cir. 2012).

11. The Complaint alleges that First Realty is a limited liability company registered in New York with its principal place of business located at 419 Lafayette Street, 5th Floor, New York, New York. (Exhibit A, ¶ 20.)

12. Upon information and belief, the sole member of First Realty is Icon Realty Management, LLC ("Icon"), and the members of Icon are Terrence Lowenberg and Todd Cohen—both natural persons who reside in New York. (*See* Exhibit B, Affidavit of Timothy Larsen in Support of Notice of Removal.) Accordingly, First Realty is a citizen of New York.

13. Upon information and belief, First Realty is not a citizen of Texas or New Jersey. (*Id.*)

14. As a result, the parties are completely diverse pursuant to 28 U.S.C. § 1332(a).

**AMOUNT IN CONTROVERSY**

15. Diversity jurisdiction under 28 U.S.C. § 1332 also requires that the amount in controversy, exclusive of interest and costs, be in excess of $75,000.

16. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and, if contested, a court will determine whether the threshold is met by a preponderance of the evidence. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88-89 (2014).

17. A court may consider the nature of the claims, factual allegations within the

pleadings, and the record outside the pleadings to determine the amount in controversy. *Price v. PetSmart, Inc.*, 148 F. Supp. 3d 198, 201 (D. Conn. 2015).

18. Where attorneys' fees are sought, they may be included in the amount in controversy. *Ball v. Hershey Foods Corp.*, 842 F. Supp. 44, 47 (D. Conn. 1993).

19. In its Complaint, First Realty asserts it is entitled to coverage under a commercial property insurance policy issued by Aspen (the "Policy") for "tremendous financial losses" allegedly caused by the COVID-19 pandemic. (Exhibit A, ¶ 3.)

20. In particular, First Realty alleges that it "owns and operates the East Village Hotel, a boutique hotel consisting of suites with fully equipped kitchenettes in the East Village of New York, where scores of guests come to stay overnight or for extended periods of time to attend events and visit the New York City area." (*Id.*, ¶ 2.)

21. First Realty alleges that its hotel "was frequented by hundreds of individuals a day" and accommodates "thousands of guests" annually. (*Id.*, ¶¶ 2, 78.)

22. According to publicly available information on East Village Hotel's website, a stay at one of its rooms typically costs between $250 and $260 per night. *See* www.eastvillagehotelnyc.com.

23. In its Complaint, First Realty alleges that the COVID-19 pandemic caused "an unprecedented and catastrophic effect on Plaintiff's property and business operations." (*Id.*, ¶¶ 3, 5.)

24. First Realty alleges that, as a result of the pandemic, it was forced to shut down its hotel operations, "thereby enduring a prolonged curtailment of earnings that threaten [First Realty's] survival." (Id., ¶ 76.)

25. In addition to these lost earnings, First Realty also alleges it incurred

"decontamination costs" and "significant losses and extra expense in nearly all aspects of its business." (*Id.*, ¶¶ 80-81.)

26. Additionally, First Realty allegedly suffered further loss of earnings as a result of the closures of nearby restaurants, cafes, cars, parks, and hotels. (*Id.*, ¶ 83.)

27. First Realty claims that all of these "severe and substantial losses" are covered under the Policy. (*Id.*, ¶¶ 8-9.)

28. Specifically, First Realty alleges that its losses fall within the Policy's coverages for "business interruption losses, losses occasioned by government orders, decontamination costs, extra expense payments to continue business as nearly normal as practicable, loss as a result of communicable disease, among many other covered losses." (*Id.*, ¶ 12.)

29. First Realty alleges that the Policy provides a maximum limit of liability of $2,199,120 for the building, $750,000 for business income, and $100,000 for personal property, which limits are subject to a deductible of $5,000. (*Id.*, ¶¶ 3, 5.)

30. First Realty also alleges: "Shortly after [First Realty] ceased business operations, [First Realty's] losses far exceeded the deductible under the [Policy]." (*Id.*, ¶ 89.)

31. First Realty alleges that Aspen breached the Policy by denying coverage for its claimed losses, and, as a result, First Realty is entitled to recover the compensatory damages described above. (*Id.*, ¶¶ 139-144.)

32. Beyond the alleged compensatory damages described above, First Realty also alleges that, by denying its claims and those of similarly-situated insureds, Aspen breached the implied covenant of good faith and fair dealing, thereby entitling First Realty

to recover extra-contractual damages, including attorneys' fees. (*Id.*, ¶¶ 127-133, 152.)

33. Thus, based on the allegations and causes of action set forth in the Complaint, the amount in controversy exceeds $75,000, exclusive of interests and costs.

34. Accordingly, this Court has the authority to exercise jurisdiction over this matter by virtue of 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

## NOTICE AND FILING OF REMOVAL PAPERS

35. Pursuant to 28 U.S.C. § 1446(d), Aspen will promptly provide written notice of the filing of this Notice of Removal to all adverse parties and shall file a copy of the Notice of Removal with the clerk of the Connecticut Superior Court, Judicial District of Hartford.

WHEREFORE, Aspen respectfully requests that this action be removed to and proceed hereafter in this Court.

Respectfully submitted,

**CLYDE & CO US LLP**

*/s/ Timothy P. Larsen*
Taylor L. Davis (*pro hac vice* forthcoming)
taylor.davis@clydeco.us
Timothy P. Larsen (ct30500)
tim.larsen@clydeco.us
271 17th Street NW, Suite 1720
Atlanta, Georgia 30363
Tel: (404) 410-3150
Fax: (404) 410-3151

**ATTORNEYS FOR ASPEN AMERICAN INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

I further certify that I have on this day served all counsel of record, as well as all counsel for potentially interested parties, with this filing by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

    David S. Hardy
    Carmody Torrance Sandak Hennessey LLP
    195 Church Street, P.O. Box 1950
    New Haven, CT 06509-1950

    John Houghtaling
    Jennifer Perez
    Gauthier Murphy & Houghtaling, LLC
    3500 North Hullen Street
    Metairie, LA, 70002

    **CLYDE & CO US LLP**

    */s/ Timothy P. Larsen*
    Taylor L. Davis (*pro hac vice* forthcoming)
    taylor.davis@clydeco.us
    Timothy P. Larsen (ct30500)
    tim.larsen@clydeco.us
    271 17th Street NW, Suite 1720
    Atlanta, Georgia 30363
    Tel: (404) 410-3150
    Fax: (404) 410-3151

    **ATTORNEYS FOR ASPEN AMERICAN INSURANCE COMPANY**