MANDATE

22-2220
*147 First Realty LLC v. Aspen American Insurance Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty-three.

PRESENT:

    GUIDO CALABRESI,
    RICHARD C. WESLEY,
    BETH ROBINSON,
           *Circuit Judges.*

_____

147 FIRST REALTY LLC,

    *Plaintiff-Appellant*,

      v.                               No. 22-2220

ASPEN AMERICAN INSURANCE COMPANY,

    *Defendant-Appellee.*

_____

FOR APPELLANT:                Davis S. Hardy, Carmody Torrance Sandak & Hennessey LLP, New Haven, CT

MANDATE ISSUED ON 05/15/2023

| | |
|---|---|
| FOR APPELLEE: | Gerald Parker Dwyer, Jr., Peter Meggers, Robinson & Cole LLP, Hartford, CT; Taylor Davis, Clyde & Co US LLP, Atlanta, GA |

Appeal from a judgment of the United States District Court for the District of Connecticut (Merriam, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment entered on September 2, 2022, is **AFFIRMED.**

Plaintiff 147 First Realty LLC ("147 First Realty") appeals from a judgment of the district court dismissing its claims against its insurer, Aspen American Insurance Company ("Aspen"), for coverage of business losses arising from COVID-19-related expenses and business interruption. The district court concluded that 147 First Realty failed to plausibly allege any "physical loss" or damage to its East Village Hotel ("Hotel")—a requirement for coverage under its insurance policy. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

We review without deference the district court's dismissal under Rule 12(b)(6). *See 10012 Holdings, Inc. v. Sentinel Ins. Co., Ltd.*, 21 F.4th 216, 219

2

(2d Cir. 2021). To survive a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1] The parties agree that New York law applies to 147 First Realty's claims.

147 First Realty's claims for coverage of expenses and business losses resulting from the restricted use of the Hotel during the COVID-19 pandemic all rest on policy provisions that require "direct physical loss of or damage to property." *See* Jt. App'x 54 (Building and Personal Property Coverage); Jt. App'x 70 (Business Income Coverage). *See also* Jt. App'x 71, 79 (Civil Authority coverage for certain losses arising from damage to property other than covered premises).

Applying New York law, this Court has held that policy provisions establishing coverage for *physical loss of* or *physical damage to* the insured's business property, or property within its vicinity, do not extend to claims for losses and expenses resulting from business suspensions in response to COVID-related public health restrictions. *See, e.g., 10012 Holdings, Inc. v. Sentinel*

---

[1] In quotations from caselaw and the parties' briefing, this order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

3

*Insurance Company, Ltd.*, 21 F.4th 216 (2d Cir. 2021).  The *10012 Holdings* decision binds this panel.  *See United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004) ("[a panel is] bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court.").

147 First Realty argues that in *this* case, in contrast to *10012 Holdings*, the complaint alleges physical loss of or damage to property.  In particular, 147 First Realty alleges that the COVID-19 virus contaminated the Hotel, rendering it incapable of performing its essential functions by attaching to surfaces and transforming them "from safe and touchable" to "unsafe and deadly."  Jt. App'x 9.  147 First Realty argues that it has plausibly alleged a direct physical loss of or damage to its property resulting in disruption of normal business operations.

Even if we accept that argument as true, 147 First Realty has not plausibly alleged that its business losses arose from loss of or damage to its property through actual COVID-19 contamination, as opposed to from measures designed to prevent or mitigate the consequences of potential *future* contamination that would result if it had maintained its usual pre-COVID-19 operations.  As another panel of this Court observed in a non-binding but persuasive decision, "the virus's inability to physically alter or persistently contaminate property

4

differentiates it from radiation, chemical dust, gas, asbestos, and other contaminants." *Kim-Chee LLC v. Philadelphia Indem. Ins. Co.*, 2022 WL 258569 at *2 (2d Cir. Jan. 28, 2022).[2]

Finally, we decline 147 First Realty's request to certify a question to the Court of Appeals of New York. As we explained in *10012 Holdings*, "every New York court interpreting the phrase 'direct physical loss' has read it the same way and denied coverage." 21 F.4th at 224. This observation continues to hold true. *See Consol. Rest. Operations, Inc. v. Westport Ins. Corp.*, 205 A.D.3d 76 (2022) (dismissing a claim brought by insured restaurant owners because the inability to use the property during the pandemic was not direct physical loss or damage to property); *see also Madison Square Garden Sports Corp. v. Factory Mut. Ins. Co.*, 181 N.Y.S.3d 887 (App. Div. 2023) ("alleging loss based on COVID-19-related closures is insufficient to state a cause of action for breach of contract and

---

[2] Our conclusion that 147 Realty's claimed losses were not covered under its policy also disposes of its claim against Aspen for bad faith. *See New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 319-20 (1995) (dismissing the alleged breach of the implied covenant of good faith and fair dealing claim because it underlies and duplicates the unsuccessful breach of express contract claim).

5

insufficient to warrant coverage under plaintiffs' policies with defendant insurance companies.").

* * *

We have considered 147 First Realty's remaining arguments and conclude that they are without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6